IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JOHNSE DESMON GILL                                                             PLAINTIFF

v.                                            Case No. 6:21-cv-06025

OUACHITA RIVER CORRECTIONAL UNIT
MEDICAL STAFF, et al.                                                       DEFENDANTS


## ORDER

Before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case.  Plaintiff, Johnse Desmon Gill, filed his Complaint *pro se* on February 25, 2021.  (ECF No. 1).  The Complaint was provisionally filed prior to a determination regarding Plaintiff's status as a pauper and service of process.  Plaintiff did not submit an application to proceed *in forma pauperis* ("IFP").

In an Order of the Court, Plaintiff was instructed to submit a completed *in forma pauperis* (IFP) application for the Court's review, or pay the filing and administrative fees, by March 17, 2021.  (ECF No. 4).  The Order states: "If the Plaintiff fails to file the completed IFP application or pay the $402 by March 17, 2021, the complaint shall be dismissed, without further notice, for failure to obey an order of the Court."  (ECF No. 4).

The Order further notes that Plaintiff failed to submit pages two through four of his complaint.  For that reason, Plaintiff was directed to submit an Amended Complaint by March 17, 2021.  (ECF No. 4).  The Order states: "Failure to obey this Order **shall** result in the dismissal of this Complaint." *Id*.

Although Plaintiff returned an IFP application, which has been granted (ECF No. 7), Plaintiff has not returned an Amended Complaint as directed by the Court.

On March 29, 2021, the Court entered an Order giving Plaintiff until April 19, 2021, to show cause why this action should not be dismissed for failure to obey an order of the Court.  (ECF No. 8).  Plaintiff has not returned an Amended Complaint and has not responded to the Court's Order to show cause.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b), the Court finds that Plaintiff's Complaint (ECF No. 1) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 3rd day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge